IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civ. No.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT OF THE UNITED** |
| | ) | **STATES FOR DECLARATORY** |
| v. | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| ROBERT ZEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("U.S. EPA") and the Department of Housing and Urban Development ("HUD"), through its undersigned counsel, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for declaratory and injunctive relief brought against Defendant Robert Zeman ("Zeman") for violations of the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("Lead Hazard Reduction Act"), 42 U.S.C. §§ 4851-4856. The Lead Hazard Reduction Act is intended to, among other things, protect tenants (particularly children under the age of six) from lead poisoning by requiring the owners and/or managing agents of rental buildings to warn tenants about any known presence of lead-based paint and lead-based paint hazards and to provide prospective tenants with certain information about how to protect themselves and their families against the dangers of lead poisoning. Zeman violated the Lead Hazard Reduction Act by failing to make the required disclosures, thereby denying the families residing in the properties he owns the opportunity to take steps to protect themselves and their children from lead poisoning.

SCANNED
JUL 01 2004
U.S. DISTRICT COURT MPLS

2.      Section 1018(b)(5) of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d(b)(5), states that it is a violation of Section 409 of the Toxic Substances Control Act ("TSCA"), 42 U.S.C. § 2689, to fail to comply with a rule issued under 42 U.S.C. § 4852d.

3.      By this action, the United States seeks to enjoin Zeman from further violations of the Lead Hazard Reduction Act.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a); 42 U.S.C. § 4852d(b)(2) and (5); and 15 U.S.C. § 2616.

5.      Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(b) and (c), because the lawsuit involves actions that took place and the subject properties are located in the District of Minnesota.

### PARTIES

6.      Plaintiff is the United States of America, acting at the request of and upon behalf of the U.S. EPA and HUD.

7.      Defendant Robert Zeman owns and manages residential rental units located in Minneapolis, Minnesota.

### GENERAL ALLEGATIONS

**A.   Applicable Laws and Regulations**

8.      In 1992, Congress enacted the Lead Hazard Reduction Act.

9.      The purpose of the Lead Hazard Reduction Act is, among other things, (a) "to encourage effective action to prevent childhood lead poisoning by establishing a workable framework for lead-based paint hazard evaluation and reduction"; (b) "to ensure that the existence of lead-based paint hazards are taken into

account in the . . . sale, rental, and renovation of homes and apartments"; and (c) "to educate the public concerning the hazards and sources of lead-based paint poisoning and steps to reduce and eliminate such hazards." 42 U.S.C. § 4851a.

10. The Lead Hazard Reduction Act and its implementing regulations, found at 24 C.F.R. Pt. 35, Sbpt. H, and 40 C.F.R. Pt. 745, Sbpt. F, require, among other things, lessors of properties subject to the Lead Hazard Reduction Act to provide certain information to tenants when a new lease is entered into or, if the lease predates the effective date of the Lead Hazard Reduction Act, at the first change to the terms of an existing lease after the effective date of the Lead Hazard Reduction Act, such as a rent increase. See 24 C.F.R. §§ 35.88 and 35.92 and 40 C.F.R. §§ 745.107 and 745.113.

11. Lessors are required to disclose or provide to each tenant, among other things, the following information:

    a. Any known information concerning lead-based paint and lead-based paint hazards;

    b. Any records or reports available to the lessors pertaining to lead-based paint and lead-based paint hazards; and

    c. A lead hazard information pamphlet approved by U.S. EPA.

12. In addition, lessors are required to include in each contract for a lease or as an attachment to the lease, among other things:

    a. A Lead Warning Statement containing specific language as set forth in the regulations;

    b. A statement disclosing the presence of known lead-based paint and lead-based paint hazards or a statement that there is no knowledge of such information;

  c. A list of any records or reports pertaining to lead-based paint and lead-based paint hazards that have been provided to the lessee or a statement that there are no such reports;

  d. A statement by the tenant affirming receipt of the information set out in paragraphs 10 and 11, above; and

  e. The signatures of the lessors and agents certifying to the accuracy and completeness of their required disclosures, and signatures of the lessees attesting to their receipt of the required disclosures, along with the dates of all parties' signatures.

13. The Lead Hazard Reduction Act and its implementing regulations also impose certain requirements on "agents" who enter into contracts with lessors for the purpose of leasing housing subject to the Lead Hazard Reduction Act. Among other things, each such agent is required to inform lessors of their obligations under various regulations, including 24 C.F.R. §§ 35.88 and 35.92 and 40 C.F.R. §§ 745.107 and 745.113. Agents are also required either to ensure that lessors perform all activities required under 24 C.F.R. §§ 35.88 and 35.92 and 40 C.F.R. §§ 745.107 and 745.113 or to personally ensure compliance with the requirements of such provisions. See 24 C.F.R. § 35.94 and 40 C.F.R. § 745.115.

14. Section 1018(b)(5) of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d(b)(5), states that it is a violation of Section 409 of the Toxic Substances Control Act ("TSCA"), 42 U.S.C. § 2689, to fail to comply with a rule issued under 42 U.S.C. § 4852d.

15. TSCA Section 17(a), 15 U.S.C. § 2616(a), provides the district court with jurisdiction over civil actions to restrain any violation of section 2614 or 2689.

**B. The Violations**

16. Zeman is a "person" within the meaning of the Lead Hazard Reduction Act and a "lessor" and/or "agent" within the meaning of

- 4 -

24 C.F.R. § 35.86 and 40 C.F.R. § 745.103.

17. Zeman owns and manages approximately nineteen residential properties in Minneapolis, Minnesota, that contain residential units subject to the Lead Hazard Reduction Act.

18. For his nineteen residential properties in Minnesota, Zeman failed to make one or more of the disclosures required by the Lead Hazard Reduction Act or complete one or more of the disclosure activities required by the Lead Hazard Reduction Act.

19. The acts or omissions referred to in the preceding paragraph constitute violations of the Lead Hazard Reduction Act and its implementing regulations. As a result of such violations, Zeman has denied families residing in the properties he owns the opportunity to take steps to protect themselves and their children from lead poisoning.

### CLAIM FOR RELIEF

20. Section 1018 of the Lead Hazard Reduction Act, 42 U.S.C. § 4852d, and the applicable regulations, found at 24 C.F.R. Pt. 35, Sbpt. H, and 40 C.F.R. Pt. 745, Sbpt. F, impose upon Zeman the requirements identified in Paragraphs 10 through 13 set forth above.

21. Zeman has violated the Lead Hazard Reduction Act by failing to make required disclosures or complete the required disclosure activities to families leasing properties subject to the Lead Hazard Reduction Act. Zeman may thereby have endangered the health, welfare, or safety of the occupants of these premises. Under Section 1018(b)(2), 42 U.S.C. § 4852d(b)(2) and Section 15 of TSCA, 15 U.S.C. § 2616, because Zeman failed to comply with the Lead Hazard Reduction Act, the United States may seek injunctive relief from Zeman.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court:

1. Issue a declaratory judgment finding that Zeman failed to comply with the Lead Hazard Reduction Act;

2. Issue an order requiring that Zeman comply with the Lead Hazard Reduction Act;

3. Require Zeman to take appropriate measures to rectify past violations of the Lead Hazard Reduction Act; and

4. Provide for any and all other relief that this Court deems just and proper.

Dated:                          Respectfully submitted,

                                FOR THE UNITED STATES OF AMERICA

                                THOMAS L. SANSONETTI
                                Assistant Attorney General
                                U.S. Department of Justice

                                _____
                                W. Benjamin Fisherow
                                Deputy Chief
                                Environmental Enforcement Section
                                Environment and Natural Resources
                                    Division
                                United States Department of Justice
                                P.O. Box 7611
                                Washington, D.C. 20044

Dated: 7-1-04

Thomas B. Heffelfinger
United States Attorney
District of Minnesota

*/s/ Gregory Brooker*

GREGORY G. BROOKER
Attorney Registration No. 166066
Assistant U.S. Attorney
600 U. S. Courthouse
300 South Fourth Street
Minneapolis 55415
(612) 884-5689

OF COUNSEL:

JOHN B. SHUMWAY
LEEANN LEZZER
Office of General Counsel
U.S. Department of Housing
  and Urban Development
451 7th Street, SW
Room 9262
Washington, D.C. 20410

MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection
  Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590